**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-4326

JOSEPH LYNN FRANCIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-97-12-R)

Submitted: November 12, 1997

Decided: December 5, 1997

Before MICHAEL and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gary M. Bowman, Roanoke, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Jennie L.M. Waering, Assistant
United States Attorney, Thomas E. Booth, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Joseph Lynn Francis was convicted pursuant to his guilty pleas of one count each of unauthorized use of an access device (18 U.S.C. § 1029(a)(2) (1994)) and impersonating a government agent (18 U.S.C. § 912 (1994)). On appeal, he asserts that the district court abused its discretion by denying his motion to withdraw his guilty plea. Francis based his motion on his allegation that his confession was illegally obtained. Finding no reversible error, we affirm.

Francis acquired numerous credit cards by falsely representing to others by telephone that he was an agent with a credit card company. Over a two-month period, Francis used the cards to purchase more than $20,000 worth of goods and services. On some occasions, he pressured merchants to accept the credit cards by falsely representing himself as an agent with the "United States Fugitive Retrieval Agency," a nonexistent agency. Francis was eventually apprehended by Virginia authorities and charged under state law for credit card fraud. Pursuant to his request, an attorney from the local public defender's office was appointed to represent him.

However, prior to consulting with this attorney, Francis initiated conversations with state and federal agents in an effort to confess his crimes and be prosecuted under federal law. The record discloses that Francis sought federal prosecution because he acted as an informant while he was a state prisoner. His testimony resulted in the conviction of three capital murderers, and thus Francis feared for his life if he returned to the state prison system. Prior to interviewing him, agents fully advised Francis of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), and Francis executed a waiver each time.

Francis cooperated fully with authorities and pled guilty at trial pursuant to a plea agreement. Prior to sentencing, Francis, who by this

2

time had a different attorney, filed a motion to withdraw his guilty plea on the ground that his confession was illegally obtained when agents questioned him after he had invoked his right to counsel. The district court conducted a hearing and denied the motion.

We find that the district court did not abuse its discretion in denying Francis's motion. The sole basis for the motion was Francis's belief that his confession was illegally obtained and would be suppressed if he went to trial, thereby resulting in an acquittal. We disagree. While Francis is correct that authorities may not continue to question a suspect after he invokes his right to counsel, this right can be waived if the defendant subsequently initiates further communication with authorities. See Edwards v. Arizona , 451 U.S. 477, 484-85 (1981); United States v. Evans, 917 F.2d 800, 804-05 (4th Cir. 1990), overruled on other grounds by United States v. Lancaster, 96 F.3d 734 (4th Cir. 1996), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3569 (U.S. Feb. 18, 1997) (No. 96-6450). Here, the district court expressly found, and Francis admitted, that he initiated contact with federal authorities which led to his confession. In fact, the record discloses that Francis insisted on cooperating with federal authorities. Moreover, Francis was advised of his rights prior to each interview and waived them every time. As a result, we conclude that Francis's confession was not obtained in violation of his constitutional rights and that there was no basis for withdrawal of his guilty plea.

Accordingly, we affirm Francis's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3